UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ROBERT JOHNSON                                                                                    PLAINTIFF

v.                                                                   CIVIL ACTION NO. 3:12cv646-DPJ-FKB

CITY OF JACKSON, et al.                                                                        DEFENDANTS

ORDER

This § 1983 case is before the Court on the City of Jackson's Motion for Summary Judgment [32]. Finding no genuine dispute of material fact, the Court grants the motion.

I.   Facts and Procedural History

This lawsuit arises from the January 2, 2010 arrest of Plaintiff Robert Johnson. On that date, Jackson Police Officer Adrienne Coleman stopped a vehicle Johnson was driving for an expired tag and no lights. After she approached the vehicle, Coleman smelled alcohol, instructed Johnson to exit the automobile, and observed an open container of beer in the vehicle. In the meantime, Jackson Police Officer Lakeith Williams, who was en route to a disturbance call, observed Officer Coleman conducting a traffic stop and stopped to assist. While Coleman was looking inside Johnson's vehicle, Williams noticed Johnson fidgeting, so he "placed him in handcuffs for his protection and for the [officers'] safety." Williams Aff. [32-2] ¶ 5. Williams admits that he "placed [his] hands on [Johnson's] shoulder to stop him from moving" but states that he did not "strike" Johnson. *Id.* Coleman issued Johnson citations for driving with a suspended license, improper equipment, and an expired tag and transported him to the City Jail.

On January 8, 2010, Johnson completed a Citizen Complaint and Injury Form with the Internal Affairs Division of the Jackson Police Department. In his complaint, Johnson alleged that Williams "struck [him] from behind into [his] left ear," damaging his hearing. Citizen

Compl. [32-3] at 3.  Internal Affairs conducted an investigation into Johnson's complaint, during which the investigating officer interviewed both Coleman and Williams as well as the clerk on duty at the store in front of which Johnson's stop and arrest took place.  The investigating officer also obtained a copy of surveillance footage of the parking lot that showed Johnson's traffic stop and arrest.  The investigating officer concluded that there was "[i]nsufficient evidence to prove" Johnson's allegations.  Internal Affairs Report [32-4] at 6.

Johnson filed this lawsuit on September 17, 2012, against the City of Jackson and several John and Jane Doe JPD officers "IN THEIR OFFICIAL CAPACITY AS POLICE OFFICERS." Compl. [1] at 1.  The lawsuit asserts a claim under 42 U.S.C. § 1983 for excessive force. Through a letter docketed April 13, 2013, Johnson sought to add Jackson Mayor Harvey Johnson, Governor Phil Bryant, Officer Adrienne Coleman, and Sergeant Freeman as defendants. Letter [6].  Summonses were subsequently issued for Phil Bryant, Adrienne Coleman, Rebecca Coleman, and C. Daughtry.  Summonses [7].  The Court dismissed the claims against Governor Bryant, leaving only the City of Jackson and several of its officers in their official capacities as defendants.  After the time for discovery expired, the City of Jackson filed its Motion for Summary Judgment [32].  Johnson failed to respond, and the Court entered a show-cause order, directing him to "either respond to the motion or advise the Court that he intends to confess the motion" on or before December 22, 2014.  Order to Show Cause [34].  Johnson never responded. The Court has personal and subject-matter jurisdiction and is prepared to rule.

II.     Standard

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party

is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  *Id.* at 323.  The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'"  *Id.* at 324 (citation omitted).  Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial.  *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

"[S]ummary judgment cannot be granted by default even if there is a complete failure to respond to the motion . . . ."  Fed. R. Civ. P. 56, advisory committee notes to 2010 amendments. But Rule 56(e) explains:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . , the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Having given Johnson an opportunity to respond, the Court considers the facts and evidence submitted by the City undisputed.

III.   Analysis

Johnson's claims against the named officers are asserted against them "IN THEIR OFFICIAL CAPACITY AS POLICE OFFICERS," so his lawsuit is "to be treated as a suit against the entity," in this case, the City of Jackson. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  In order to impose § 1983 liability against a municipality, "[a] plaintiff must identify: '(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom.'"  *Valle v. City of Hous.*, 613 F.3d 536, 541–42 (5th Cir. 2010) (quoting *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002)).  Johnson's claim fails on each element.

First, Johnson fails to identify a policy or custom.  To the extent he asserts that an alleged failure to train constitutes an actionable policy or custom, there is no allegation or evidence of deliberate indifference necessary to establish liability for failure to train.  *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).  Second, Johnson does not identify "a municipal policymaker who could be held responsible, through actual or constructive knowledge, for enforcing a policy that caused [his] injuries." *Piotrowski v. City of Hous.*, 237 F.3d 567, 578–79 (5th Cir. 2001).

Finally, there is no genuine dispute of material fact as to the existence of an underlying constitutional violation.  Johnson alleges that the City violated his right to be free from excessive force under the Fourth Amendment.  To succeed on an excessive-force claim, a plaintiff "must show that []he suffered (1) an injury that (2) resulted directly and only from the use of force that

4

was excessive to the need and that (3) the force used was objectively unreasonable." *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004).  In this case, the undisputed evidence shows that Officer Williams merely "placed [his] hands on [Johnson's] shoulder to stop him from moving" and never struck Johnson.  Williams Aff. [32-2] ¶ 5.  There is no evidence to suggest that Williams or anyone else used "objectively unreasonable" force against Johnson.  The City is entitled to summary judgment on Johnson's excessive-force claim.

IV.	Conclusion

The Court has considered all arguments.  Those not specifically addressed would not have changed the outcome.  For the foregoing reasons, the City of Jackson's Motion for Summary Judgment [32] is granted.  A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 21st day of January, 2015.

s/ *Daniel P. Jordan III*<br>UNITED STATES DISTRICT JUDGE